JUSTICE SHEA,
specially concurring.
¶15 In his opening brief to this Court, King states that his argument on appeal to the District Court “strictly revolved around the Municipal Court’s decision to [ojverrule the defense’s objection to [the] State’s continuance of the July 22,2014 trial date.” On that point, I agree that the Municipal Court did not abuse its discretion in continuing the July 22 trial date, and I would affirm on that basis. I write separately because the Court incorrectly perpetuates a misinterpretation of the statute and rule regarding the threshold amount in controversy necessary to appeal a municipal court decision to district court.
¶16 As the Court correctly notes, both § 46-17-404(2), MCA, and Rule 1(b)(2), U.M.C.R. App., determine the jurisdictional threshold for appealing a municipal court judgment to district court by the “amount in controversy.”[1] Opinion, ¶ 5. Upon his conviction in Municipal Court, “King was sentenced to pay a $100 fine and $135 in surcharges and fees.” Opinion, ¶ 4. In appealing his case to the District Court, King did not just challenge the $100 fine; he sought reversal of his conviction and dismissal of his entire case on multiple grounds. If his appeal was successful, King would have eliminated the fine, surcharges, and fees, totaling $235. Thus, the “amount in controversy” that was the subject of King’s appeal was $235.
¶17 The Court, however, ignores the fact that King was contesting all of the monetary obligations imposed upon him, and erroneously *381 concludes that the “amount in controversy” was merely the fine. The Court arrives at this erroneous conclusion by citing Koestner for the proposition that it requires “Iexcluding the surcharge and fees imposed in King’s sentence.” Opinion, ¶ 5 (citing Koestner, ¶ 12). However, in Koestner, the interpretation of what constitutes the “amount in controversy” for determining district court jurisdiction of a municipal court appeal was not the issue. That being noted, we did limit our consideration of the jurisdictional threshold to only the fine imposed; thus, I agree that this is a fair reading of Koestner. To the extent that Koestner could be read as such, it is incorrect and I would overrule it.
¶18 In Voerding v. State, 2006 MT 125, ¶ 16, 332 Mont. 262, 136 P.3d 502, we concluded that “the plain meaning of the word ‘fine’... does not encompass fees, costs, charges, or any other court-imposed financial obligations.” We also concluded that there is a “clear statutory distinction between fines and other court-imposed financial obligations.” Voerding, ¶ 19. When it drafted § 46-17-404(2), MCA, the Legislature could have used the term “fine” in setting the threshold for district court jurisdiction of a municipal court appeal. It did not. It chose instead to use the term “amount in controversy.” In construing a statute, our duty “is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.” Section 1-2-101, MCA. Moreover, “statutory language must be construed according to its plain meaning ....” Infinity Ins. Co. v. Dodson, 2000 MT 287, ¶ 46, 302 Mont. 209, 14 P.3d 487 (citation omitted). Neither § 46-17-404(2), MCA, nor Rule 1(b)(2), U.M.C.R. App., limits the district court’s appellate jurisdiction based on the amount of the fine. Rather, the jurisdictional limit is expressly based on the “amount in controversy.” By interpreting the term “amount in controversy” as applying only to King’s $100 fine, the Court not only fails to construe the statute according to its plain meaning, it both omits the term “amount in controversy” and inserts the term “fine,” thus managing to violate just about every rule of statutory construction in the interpretation of a single statute.
¶19 For the foregoing reasons, although I concur in the result the Court reaches, I disagree with its conclusion that the District Court did not have jurisdiction to hear the appeal from the Municipal Court.

 I note that there is a discrepancy between the threshold amount in controversy set by § 46-17-404(2), MCA ($200), and Rule 1(b)(2), U.M.C.R. App. ($300). However, resolution of this discrepancy is mooted by the Court’s incorrect interpretation of the “amount in controversy” as being limited to the fine imposed.